**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21573-CIV-MARTINEZ**

JUVENAL SALAS ARIAS,

      Petitioner,

v.

LINDA MCGREW *et al.*,

      Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Juvenal Salas Arias's Amended Petition

for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 4] and accompanying

Memorandum of Law [ECF No. 3].[1] Petitioner challenges his immigration detention at the Federal

Detention Center in Miami without having been afforded an individualized bond determination.

(*See generally* [ECF No. 4]). In accordance with 28 U.S.C. § 2243, the Court issued an Order

directing Respondents to show cause why the Petition should not be granted. (March 11, 2026

Order [ECF No. 6]). Respondents filed their "abbreviated" Response to the Court's show cause

Order on March 12, 2026 [ECF No. 7].[2] The Court has considered the Petition, the Response, the

---

[1]     Petitioner originally filed his Petition without the necessary signature. (*See* [ECF No. 1]). Petitioner's Amended Petition was filed only to include the necessary signature and is otherwise identical to the Original Petition. (*Compare* [ECF No. 1] *with* [ECF No. 4]).

[2]     While the Court appreciates Respondent's desire to "conserve judicial and party resources" and "expedite the Court's consideration of this matter," Respondent has failed both to provide basic information about Petitioner (including his country of origin) and to attach the exhibits that may have contained that information. (*See* [ECF No. 7] 1–2). The Court therefore advises Respondent to take more care in its future responses, abbreviated or not.

record, and applicable law. For the following reasons, and in accordance with this Order, the Petition is **GRANTED**.

Petitioner was born in Mexico in 1978. (*See* Salas Arias Declaration [ECF No. 3-1] 9). Neither the Petition nor the Response explains the circumstances of Petitioner's arrival in the United States. (*See generally* [ECF Nos. 3-4, 7]). From the details that are provided, however, it is clear Petitioner has been in this country for about twenty years. (*See* [ECF No. 3] 5 (Petitioner "allegedly entered the United States on or about January 1, 2006"); *see also* Salas Arias Decl. ¶ 3 ("I last entered the United States in 2008 and have maintained continuous physical presence in the United States since that time.")). U.S. Immigration and Customs Enforcement ("ICE") first encountered Petitioner on September 21, 2015, and released Petitioner on his own recognizance with supervisory conditions imposed. (*See* [ECF No. 3] 5).

Petitioner asserts he has fulfilled his ICE supervision obligations for nearly a decade. (*Id.* 5). Despite this, Petitioner was re-detained in September of 2025 while driving to work, *see* Salas Arias Decl. ¶ 4, and ICE has initiated removal proceedings against him. (*See* [ECF No. 3] 5). Petitioner's request for custody redetermination was denied by the immigration judge pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025). (*See id.*; *see also* [ECF No. 3-1] 11). Petitioner challenges his continued detention "because he is being held without bond or the opportunity to seek a custody redetermination, despite his long-term residence in the United States since 2006, supervision by DHS/ICE since 2015, and ongoing removal proceedings under 8 U.S.C. § 1229a." (*See* [ECF No. 3] 5). Petitioner asks the Court to order Respondents to immediately release him from custody or, alternatively, to give him an individualized bond hearing pursuant to 8 U.S.C. § 1226. (*Id.* 2).

2

In its Response, Respondents explain that the Petition raises four legal questions: (1) what statutory authority applies here, 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a); (2) whether the Court has jurisdiction to hear Petitioner's claim under 8 U.S.C. § 1252; (3) whether Petitioner is entitled to a bond hearing; and (3) if Petitioner is entitled to a bond hearing, whether he must first exhaust his administrative remedies before he receives one. (*See* [ECF No. 7] 1-2). Respondents argue "Petitioner is subject to mandatory detention under § 1225(b)(2), because he was present in the United States without being admitted or paroled," which means he is not entitled to a bond hearing. (*Id.* 3). Respondents acknowledge, however, both that "Judges in this District have reached the opposite conclusion" and that "this Court's recent decision in *Aguilar Merino v. Ripa*, No. 25-23845-CIV-MARTINEZ, 2025 WL 2941609, at *3, 8 (S.D. Fla. Oct. 15, 2025), would control the result here . . . , as the legal arguments are not materially distinguishable . . . on the issue of which statutory provision authorizes Petitioner's detention."[3] (*Id.* 4-6).

Respondents are correct that the Petition's outcome hinges on whether Respondents' authority to detain Petitioner arises under § 1225(b)(2) or § 1226(a). Respondents are also correct that this Court has already answered that question: For "noncitizens residing in" and "apprehended while already within the United States," § 1226(a) applies. *Aguilar Merino*, 2025 WL 2941609, at *3. This is so because, as the Court explained in *Aguilar Merino*, Congress determined in 1996 that "noncitizens already residing in the U.S." have "more substantial due process rights" than

---

[3]     Respondents also argue that the Petitioner's claim should be dismissed for failure to exhaust his administrative remedies—seeking a bond redetermination hearing with the Board of Immigration Appeals ("BIA")—prior to seeking relief from this Court. ([ECF No. 7] 2-3). However, "[s]ince the result of Petitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility." *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369 at *2 (S.D. Fla. Oct. 15, 2025). *See also Zamora Policarpo v. Parra*, Case No. 25-25236-CIV-COHN, ECF No. 8 (S.D. Fla. Dec. 22, 2025).

"noncitizens recently arriving." *See id.* In the thirty years since then, federal courts and agencies have uniformly held that § 1226(a) governs the detention of noncitizen residents, while § 1225(b)(2) applies to noncitizens arriving at an entry point. *See id.*

Indeed, even ICE's own agency, the Department of Homeland Security ("DHS"), interpreted the statutes this way until a July 2025 policy change. *See id.* Pursuant to the DHS's new policy, however, ICE has been instructed to treat noncitizen residents "in the same manner that 'arriving aliens' have historically been treated," which means mandatory detention and no eligibility for a bond hearing. *See id.* (quoting *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA Doc. No. 25071607 (July 8, 2025)); *Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (B.I.A. 2025) (adopting DHS's new interpretation). Because that abrupt shift in interpretation "runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in" six Circuits over the last three decades, this Court rejected it and instead adhered to the interpretation supported by a "plain reading" of § 1225(b)(2) and § 1226(a).[4] *See Aguilar Merino*, 2025 WL 2941609, at *3. The Court sees no reason to depart from that holding.[5]

Respondents detained Petitioner, who has lived in the United States for several years, during a traffic stop—not at the border or the port. (*See* Salas Arias Decl. ¶ 4; *see also* [ECF No. 3] 5). For that reason, § 1226(a), not § 1225(b)(2), governs his detention. *See Aguilar Merino*,

---

[4] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), in agreement with Respondents' position. Of course, that decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 WL 621380, at *2 n.1 (M.D. Fla. Mar. 5, 2026); *see also Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting) (criticizing the decision as "totally unsupported"). Therefore, it does not persuade this Court.

[5] Respondents note that the government has appealed two decisions from this District that have reached the same conclusion. (*See* [ECF No. 7] 6). The Eleventh Circuit has not yet decided those appeals, so the Court's *Aguilar Merino* decision remains good law.

CASE NO. 26-21573-CIV-MARTINEZ

2025 WL 2941609, at *3. And as the Supreme Court has made clear: "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Petitioner is therefore entitled to a bond hearing under § 1226(a).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition is **GRANTED**. Because the Court finds Petitioner is detained under § 1226(a), Respondents shall immediately either:

   a. give Petitioner an individualized bond hearing consistent with that statute; or

   b. release Petitioner.

2. This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Miami, Florida, this 25 day of March 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:    all counsel of record

5